UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN-ARAB ANTI-DISCRIMINATION COMMITTEE<br>1732 Wisconsin Avenue, NW<br>Washington, DC 20007<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br>Washington, D.C. 20528<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT<br>425 I Street, NW<br>Washington, D.C. 20536<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action: 06-01770-JR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' ANSWER TO**
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants, the United States Department of Homeland Security ("DHS") and Immigration and Custom Enforcement ("ICE"), by and through their undersigned counsel, hereby answer plaintiff's Complaint for Declaratory and Injunctive Relief ("Complaint") filed on October 17, 2006, as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

ICE is not a proper defendant under the Freedom of Information Act ("FOIA") because it is a component of DHS.

## THIRD AFFIRMATIVE DEFENSE

Defendants respond to the numbered paragraphs of plaintiff's Complaint as set forth below.

1. This paragraph contains plaintiff's characterization of its action and legal conclusions to which a response is not required, but insofar as a response may be required, defendants deny.

2. This paragraph contains conclusions of law and not averments of fact to which a response is not required.

3. This paragraph contains plaintiff's characterization of its request and not averments of fact, to which a response is not required, but insofar as a response may be required, defendants deny.

4. This paragraph contains conclusions of law and not averments of fact, to which a response is not required, but insofar as a response may be required defendants admit.

5. Defendants are without sufficient knowledge to admit or deny the allegations contained in the first three sentences. With respect to the last sentence, defendants admit the information sought by plaintiff in its first Freedom of Information Act ("FOIA") request dated December 14, 2004, was withheld by ICE in a letter dated February 14, 2005, as exempt under 5 U.S.C. § 552(b)(7). Defendants deny plaintiff's allegations with respect to plaintiff's second FOIA request dated February 8, 2006, because ICE has not completed processing of that request.

6. Defendants admit the allegations in the first sentence of this paragraph. With

respect to allegations in the second sentence, defendants admit that ICE has possession of the information sought by plaintiff in its first request dated December 14, 2004, and that ICE withheld the information as exempt under 5 U.S.C. § 552(b)(7). Defendants are without sufficient knowledge to admit or deny the allegations with respect to plaintiff's second FOIA request because ICE has not completed processing of that request.

7.  Defendants admit the allegations in the first sentence of this paragraph. With respect to allegations in the second sentence, defendants admit that DHS has possession of the information sought by plaintiff in its first request dated December 14, 2004, and that DHS withheld the information as exempt under 5 U.S.C. § 552(b)(7). Defendants are without sufficient knowledge as to the allegations with respect to plaintiff's second FOIA request because ICE has not completed processing of that request.

8.  The allegations in the first sentence contain plaintiff's characterization regarding remarks made by the Attorney General on June 6, 2006, to which a response is not required. Defendants refer the Court to the cited remarks for a complete and accurate statement of their contents. The remaining allegations in this paragraph contain plaintiff's characterization and legal conclusions regarding the proposed and final regulations issued by the Department of Justice establishing the National Security Entry-Exit Registration System to which no response is required. Defendants refer the court to the cited Federal Register notices and regulations for a complete and accurate statement of their contents.

9.  This paragraph contains plaintiff's characterization of notices issued by the United States Department of Justice (which is not a party to this case) and not averments of fact, to which a response is not required. Defendants respectfully refer the Court to the cited Federal Register notices for a complete and accurate statement of their contents.

10. This paragraph contains plaintiff's characterization of and legal conclusions regarding notices issued by the United States Department of Justice (which is not a party to this case) and not averments of fact, to which a response is not required. Defendants respectfully refer the Court to the cited Federal Register notices for a complete and accurate statement of their contents.

11. The allegations in this paragraph contains plaintiff's characterization of statements made by an official at the United States Department of Justice (which is not a party to this case) and not averments of fact, to which a response is not required. Defendants respectfully refer the Court to the document referenced in paragraph 11 of plaintiff's complaint for a complete and accurate statement of its contents.

12. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 12.

13. Defendants admit that defendant ICE issued the press release which is attached to the complaint as plaintiff's Exhibit 2. The remaining allegations in this paragraph contain plaintiff's characterization and selective quotation of this press release and not averments of facts, to which a response is not required. Defendants respectfully refer the Court to plaintiff's exhibit 2 for an accurate and complete statement of its contents.

14. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 14.

15. Defendants admit that defendant ICE issued a press release which is attached to the complaint as plaintiff's Exhibit 4. The remaining allegations in this paragraph contain plaintiff's characterization of this press release and not averments of fact, to which a response is not required. Defendants respectfully refer the Court to Plaintiff's exhibit 4 for an complete and

accurate statement of its contents.

16. The allegations in this paragraph contain plaintiff's characterization of the press release issued by ICE and not averments of fact, to which a response is not required. Defendants respectfully refer the Court to plaintiff's Exhibit 2 for an accurate and complete statement of its contents.

17. The allegations in this paragraph contain plaintiff's characterization of the FOIA request it submitted to Defendant ICE on December 14, 2004 and not averments of fact, to which a response is not required. Defendants respectfully refer the Court to Plaintiff's exhibit 5, which is plaintiff's FOIA request, for an accurate and complete statement of its contents.

18. Defendants admit that on February 14, 2005, defendant DHS denied plaintiff's request for the data sought by plaintiff's FOIA request dated December 14, 2004. The allegations in the remainder of paragraph 18 contain plaintiff's characterization of the response and not averments of fact, to which a response is not required.

19. Defendants admit the first sentence of this paragraph. The allegations in the remainder of paragraph 19 contain plaintiff's characterization of its appeal of the response to its FOIA request dated December 14, 2004 and not averments of facts, to which a response is not required. Defendants respectfully refer the Court to plaintiff's exhibit 6, which is Plaintiff's FOIA's appeal dated March 3, 2005, for an accurate and complete statement of its contents.

20. Defendants admit that on September 5, 2004, DHS denied ADC's appeal of the response to plaintiff's FOIA request dated December 14, 2004. The remaining allegations in this paragraph contain plaintiff's characterization of the denial and not averments of fact. Defendants refer the Court to plaintiff's Exhibit 7 for a complete and accurate statement of its contents.

21. Denied.

22. Defendants admit the first sentence of paragraph 22. The allegations in the first clause of the second sentence contain plaintiff's characterization of their request and not averments of fact, to which a response is not required. Defendants are without sufficient knowledge to admit or deny the allegations in the remainder of paragraph 22.

23. The allegations in the first sentence of paragraph 23 contain its characterization of its February 8, 2006 FOIA request and not averments of fact, to which a response is not required. Defendants respectfully refer the Court to plaintiff's exhibit 8, which is plaintiff's February 8, 2004 FOIA request, for a complete and accurate statement of its contents. Defendants deny the remainder of paragraph 23.

24. With respect to the allegations in the first two sentences of this paragraph, defendants deny except to admit that ICE has not yet provided a substantive response to plaintiff's February 8, 2004 FOIA request. However, Defendants aver that ICE acknowledged plaintiff's February 8, 2004 FOIA request on April 6, 2006. The allegations in the third sentence of this paragraph contain plaintiff's conclusion of law and not averments of fact, to which a response is not required.

25. This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as a response may be required, defendants deny

26  This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as a response may be required, defendants deny.

27. This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as a response may be required, defendant deny.

28. This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as a response may be required, defendant deny.

29.     This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as a response may be required, defendant deny.

30.     This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as a response may be required, defendants deny.

31.     Denied.

32.     Denied.

33.     This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as a response may be required, defendant deny.

34.     This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as a response may be required, defendants denies deny.

35.     To the extent that paragraph 35 alleges that defendant DHS acknowledges that the public has a fear that the government has engaged in discriminatory profiling, defendants deny such allegations. The remaining allegations in paragraph 35 contain plaintiff's characterization of public statements made by defendants and not averments of fact, to which a response is not required. Defendants respectfully refer the Court to Plaintiff's exhibits 2 and 4, which contain these public statements, for an accurate and complete statement of their contents.

36.     Denied.

37.     This paragraph contains conclusions of law and not averments of fact, to which no response is required, but insofar as a response may be required, defendants deny.

Wherefore, having fully answered, defendants deny any and all allegations not specifically addressed above, deny that plaintiff is entitled to the relief requested or to any relief whatsoever, and avers that the plaintiff's Complaint should be dismissed.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

s/Marcia K. Sowles
MARCIA K. SOWLES, DC Bar No. 369455
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7114
Washington, D.C.  20530
Tel.: (202) 514- 4960
Fax: (202) 616- 8470
E-mail:  marcia.sowles@usdoj.gov

Attorneys for Defendants